## ATLANTIC COAST LINE R. CO. v. TOWN OF SEBRING.

(Circuit Court of Appeals, Fifth Circuit. April 13, 1926.)

No. 4749.

Eminent domain ⊗⇒68—Where power is exercised for a public purpose, court is without jurisdiction to question selection of property made, or motive of body exercising the power.

Where taking of property for a street had been authorized by town council, vested with power in that regard, a court is without jurisdiction to supervise the determination of that body as to the necessity or expediency of taking the property selected, or to prevent the taking on the ground that the action of such body in selecting the property was influenced by a purpose to benefit particular property owners, or to discriminate between property owners, subject to or affected by the selection made.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Proceeding by the Town of Sebring against the Atlantic Coast Line Railroad Company to condemn an easement for a street. From an order sustaining a demurrer to its plea, defendant appeals. Affirmed.

T. Paine Kelly, of Tampa, Fla., for appellant.

Hilton S. Hampton, of Tampa, Fla. (Hilton S. Hampton and Hampton, Bull & Pencke, all of Tampa, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee, town of Sebring, a Florida municipal corporation, filed in a Florida state court a petition for the condemnation, under statutory authority and pursuant to an ordinance of said town, adopted April 7, 1925, of an easement in described land the fee-simple title to which was alleged to be in the appellant, the Atlantic Coast Line Railroad Company, for the use and purpose of construction of described streets, one of them called Eucalyptus street; the appellant being the defendant named in the petition. On the application of the appellant the case was removed to the court below. In that court the appellant filed a plea which contained allegations to the following effect:

In the year 1915 and thereafter the town of Sebring, as laid out and constituted, consisted of various streets, and other ways dedicated to the use of the public as highways. The location of said streets and other ways was duly indicated upon a map or plat comprising the corporate limits of said town of Sebring, placed of record in the public records, by which said map or plat the location and physical position of the said streets, alleys, and other ways was defined. Appellant constructed its line of railroad through the town of Sebring, and in the construction of its railroad acquired by purchase certain lands to be used for the purpose of maintaining its right of way and roadbed, upon which to construct its rails and tracks for the operation of its trains. In securing and laying out its line of road through said town, the appellant, in defining its route through said town, so located the same as to avoid, as far as possible, crossing public highways with its railroad tracks, and so as to avoid paralleling public highways in close proximity thereto.

"Defendant further says that, in accordance with the map or plat of the said town of Sebring, prior to and at the time when the defendant's route was located through the said town, Eucalyptus street, a public highway in the said town, was located at a point and along a route parallel to various other streets in the said town of Sebring running in the same direction, and that, in laying out its route through the said town of Sebring, it so defined its route to avoid paralleling the said street in close proximity thereto, as far as was possible to do so.

"Defendant further says that it secured its right of way through the said town by purchase, and is the owner of its said right of way in fee, and that its said right of way through the said town consists of a strip of land 130 feet wide, being measured and described as 65 feet wide on each side of the center line of its main track; that its right of way as so constructed through the said town, at the time of its construction, did not abut or parallel the said Eucalyptus street north of the line of Bamboo street, in accordance with the plan of the town as then constituted.

"This defendant further says that between the line of Bamboo street, as located on the said plan of the city, northwardly and south of the right of way of this defendant, is a vast tract of land, which this defendant is informed and believes was on or about the 7th day of April, 1925, owned by a certain

resident of the town of Sebring, to wit, one H. O. Sebring, and that on the said date, to wit, the 7th day of April, 1925, the town council of the town of Sebring, by ordinance sought to change the location in the said town of Eucalyptus street from the location in which it was designated and at which it was fixed prior thereto, and to locate the said street along and abutting on the right of way of this defendant on its southerly boundary; that in the change of location of the said street as hereinbefore recited the regularity of the said street and its general direction with regard to other streets set apart and located upon the town plat were altered and changed, so that the said Eucalyptus street, as located by the terms of the said ordinance, does not follow the general direction of all streets running in a general eastern and western direction through the town, but diverges therefrom.

"This defendant further says that the said ordinance so attempted to be passed by the town council of the said town was not passed in good faith, but was an act in violation of and in perversion of the public trust imposed upon the members of the said town council, and was passed solely for the purpose of according greater convenience and greater facility to the individual owner of the tract of land which the said street traverses, and for the direct benefit and advantage of the said H. O. Sebring; that there was no necessity, either public or otherwise, for a change in the location of the said street, except the particular benefit to the individual owning the said lands as aforesaid; that the change in the location of the said street did not and does not afford any more convenient access to the lands which it traverses, nor does it afford any greater or better means of traversing the other streets in the said town, but, on the contrary, renders travel along the said street in its proposed new location more hazardous and less convenient, except to the said private individual.

"This defendant, further answering, says that the said town council, in the passage of the said ordinance changing the location of the said street, were actuated by motives other than the good of the citizens of the said town and others owning property therein, in that the location of the said street was changed for the purpose of imposing upon this defendant heavy burdens of taxation by way of special assessment for the paving of the said street, and for the purpose and with the intent of relieving the said individual, H. O. Sebring, the owner of the land which the said street traverses as originally laid out, from the payment of such assessment and special taxation for the improvement and paving of the said street; that the said council, in locating and defining the new location for the said street, definitely located the same as abutting the boundary of the right of way of this defendant, not in a general direction, but following the curvature of the right of way boundary line of this defendant, to the end that the said street, as constituted between Bamboo street and Pear street, abuts the right of way of this defendant for a distance of approximately 1,712 feet, and that the purpose of the said town council in the relocation of the said street was to impose upon this defendant special assessment for paving of the said street of approximately $4,000, and that the act of the said council, in changing the location of the said street and imposing upon this defendant the burden as aforesaid, was with the intent and with the purpose of relieving the owner of the lands which the said street originally traversed from the imposition of such special assessment in a like amount. Wherefore this defendant says that the said town council, in its action in the attempted change of location of the said street, has abused its power and exceeded its limitations.

"This defendant further says that the land described in the petitioner's petition, and sought to be condemned in this proceeding, is a strip of land across the tracks of the defendant, whereby the said town endeavors to connect the said Eucalyptus street in its newly established location with that part of the said Eucalyptus street which still remains as originally located; that this defendant has no objection, and has asserted no objection, to permitting the town of Sebring to cross its right of way and tracks along the line of the said Eucalyptus street as originally laid out, but further says that there is no necessity, either for the convenience, safety, or welfare of the public, for the establishment of the said street in its attempted new location, and that there is no necessity for a crossing over the tracks of this defendant at the point in the said petition prayed, and that there is no necessity for a connection across the right of way and tracks of this defendant between the said street in its proposed new location and that portion of the street remaining as originally located.

"This defendant further says that the condemnation of the tract of land in the said petition described, and the use of the said land as a public street for the connection of the said Eucalyptus street, in its proposed location, with that part of the said street orig-

inally laid out and located, is a fraud upon the rights of this defendant, and is a perversion and misuse by the petitioner of its right of eminent domain accorded to it under the statutes of the state of Florida; that the said city council, in its acts as hereinbefore recited, acted without good faith, and have acted for the purpose and with the intent of securing to the private individual advantages and privileges to which private individuals are not entitled under the law, at the expense and to the damage of this defendant; that, by reason of the mala fides of the said council in the passage of the purported ordinance, the said ordinance is invalid and void, and that there does not in fact or in law exist a regular legally constituted street, to which access is required or necessary across the property of this defendant, as in the said petition prayed for, and that the condemnation of a crossing over the tracks of the defendant, as prayed for, is not required for the public convenience, nor would it serve any public purpose.

"This defendant further says that the attempt to exercise the right of eminent domain by the said town is an attempt to use the power of eminent domain conferred upon it by legislative authority in the interest of and for the direct advantage of private interests of private individuals, and not for a public use, nor for the public convenience, nor for the public welfare."

That plea contained a prayer that appellee be permanently enjoined from proceeding further with its said petition for condemnation, or with any other or further suit or suits for that purpose. The court sustained a demurrer to that plea on the following, among other, grounds: The facts set up in said plea constitute no defense to the allegations of the petition. The facts set forth in said plea do not constitute an equitable defense. Said plea seeks to enjoin the exercise of the power of eminent domain under circumstances unauthorized by law. That ruling is assigned as error.

The averments of the plea do not indicate that the property, an easement in which was sought, was intended to be used otherwise than as a street or highway for the public generally. It was not intimated that the strip of land which was to be included in Eucalyptus street was intended, when the easement therein was acquired, to be diverted from a public to a private use. The asserted right to condemn was challenged on the ground that it was not necessary or expedient to change the previously made location of that street, or to adopt for the location of part of it the route which was selected by the above-mentioned ordinance, and that the town council, in selecting that route, was influenced by the improper motive of subjecting appellant's property to expenses for the benefit of the property of another.

The above-mentioned ordinance and the proceeding instituted in pursuance of it evidence the exercise of the ordinary municipal functions of locating streets and taking action to acquire property selected for that purpose. It is well settled that, while the question whether the purpose of a taking of property is a public one is judicial, the necessity and proper extent of the taking is a legislative question. In the absence of a statute authorizing a judicial review of a municipality's determination of the necessity or expediency of condemning specified property for a public use, the judicial function is exhausted when it is determined that the use for which property proposed to be taken is a public one, for which the municipality is duly authorized to acquire such property by condemnation. Bragg v. Weaver, 251 U. S. 57, 40 S. Ct. 62, 64 L. Ed. 135; Sears v. City of Akron, 246 U. S. 242, 38 S. Ct. 245, 62 L. Ed. 688; Shoemaker v. United States, 147 U. S. 282, 298, 13 S. Ct. 361, 37 L. Ed. 170, 2 Nichols on Eminent Domain (2d Ed.) §§ 333, 412.

Where a particular taking of property for a public use has been authorized by a body duly vested with power in that regard, a court is without jurisdiction to supervise the determination of that body as to the necessity or expediency of taking the property selected, or to prevent the taking on the ground that the action of such body in selecting the property to be taken was influenced by a purpose to benefit one or more property owners, or to discriminate between property owners subject to be affected by the selection made.

As above indicated, the averments of the plea in question do not indicate that the property proposed to be taken was intended to be used otherwise than for a public street—for a use obviously a public one. Cases dealing with condemnation proceedings, instituted ostensibly for the acquisition of property for a public use, but really resorted to for the purpose of acquiring property for a private use, are not pertinent to the question presented in the instant case, in which no issue is raised as to the public character of the use to which the property sought to be taken is to be devoted. We conclude that the court did not err in sustaining the demurrer to the plea.

The judgment is affirmed.