### UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY, v. VOGLE et al.

#### No. 584.

District Court, W. D. Kentucky.

Aug. 1, 1939.

Wm. C. Fitts, Jr., of Knoxville, Tenn., Alvin Ziegler, of Chattanooga, Tenn., Benj. H. Craig, of Florence, Ala., and Thomas S. Waller, of Paducah, Ky., for petitioner.

Woodward, Dawson & Hobson, of Louisville, Ky., and W. L. Prince, of Benton, Ky., for respondents.

MILLER, District Judge.

The petitioner by this proceeding is seeking to condemn some 400 acres or more of property of the respondent, Louis A. Vogle, under the Act of Congress of May 18, 1933, as amended August 31, 1935, 16 U.S.C.A. § 831 et seq., which authorizes the Tennessee Valley Authority in the name of the United States of America to exercise the right of eminent domain. The amended answer of the respondent filed on July 31, 1939, alleges in substance that the site of the proposed Gilbertsville Dam is approximately seven miles from the respondent's property, that no part of the dam or any structure or transmission lines will be constructed upon the respondent's land, and that approximately 33 acres of the tract will not be submerged by the water of the proposed reservoir when at its maximum height; that said 33 acres contains a valuable deposit of limestone rock, and that the real purpose of the petitioner in seeking to condemn this 33 acres is to open a quarry for the purpose of securing limestone rock for use in the construction of the dam. It prays that the petition be dismissed as to this tract of 33 acres and that the petitioner be commanded to return this property into possession of the respondent.

It is also shown by the record that the 33 acres in question contain a family cemetery of the respondent, and that respondent has heretofore objected strenuously to the removal of the graves therein to another location. An order was entered on July 22, 1939, providing for the removal of these graves to another tract to be provided by the petitioner. In conjunction with the filing of the amended answer the respondent has also filed a motion to set aside this order and to enter an order directing the petitioner to make no removal of such bodies pending a final determination of petitioner's right to condemn the land in question.

The petitioners have moved the Court to strike the amended answer on the ground that as a matter of law said answer fails to set forth matters constituting an adequate defense. Both petitioner and the respondent have urged the Court to rule immediately upon petitioner's motion to strike the amended answer and upon respondent's motion to set aside the order of July 22, 1930, inasmuch as said motions have been made while evidence is being heard by commissioners to determine the value of the 33 acres in question and petitioner has already started to remove the graves in question and to appropriate the land to its engineering project which is in full operation.

Respondent contends that inasmuch as the tract is not needed for the construction of the dam, but is being condemned in order to provide material to be used in the construction of the dam at a saving to the TVA, there is no authority under the statute setting up the TVA to condemn the property in question. The petitioner claims that the purpose of the dam is a public one, that the extent of the land to be taken therefor is for a determination by the legislative branch of the Government or the authority to which it has been delegated, and that such decision is not subject to judicial review. It is also contended that the power of eminent domain includes the right to condemn adjacent land for the purpose of acquiring materials to be used in the project under consideration.

■■ In Sears v. City of Akron, 246 U. S. 242, 38 S.Ct. 245, 248, 62 L.Ed. 688, the Supreme Court stated the rule as follows: "It is well settled that while the question whether the purpose of a taking is a public one is judicial, Hairston v. Danville & Western R. Co., 208 U.S. 598, 28 S.Ct. 331, 52 L.Ed. 637, 13 Ann.Cas. 1008, the necessity and the proper extent of a taking is a legislative question. Shoemaker v. United States, 147 U.S. 282, 298, 13 S.Ct. 361, 37 L.Ed. 170; United States v. Gettysburg Electric R. Co., 160 U.S. 668, 685, 16 S.Ct. 427, 40 L.Ed. 576; United States v. Chandler-Dunbar Water Power Co., 229 U.S. 53, 65, 33 S.Ct. 667, 57 L.Ed. 1063." The same rule has also been stated by the Supreme Court in Mississippi & R. River Boom Co. v. Patterson, 98 U.S. 403 at page 406, 25 L.Ed. 206; Backus v. Fort Street Union Depot Co., 169 U.S. 557, at page 568, 18 S.Ct. 445, 42 L.Ed. 853; Adirondack Railway Co. v. New York, 176 U.S. 335, at page 349, 20 S.Ct. 460, 44 L.Ed. 492; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L. Ed. 135. Section 4(i), which is Section 831c(i) of 16 U.S.C.A. provides that the corporation shall have power to acquire real estate for the construction of dams, reservoirs, transmission lines, power houses, and other structures, "and to condemn all property that it deems necessary for carrying out the purposes of this chapter." Section 25 of the Act, which is Section 831x, 16 U.S.C.A., also provides that "the Corporation may cause proceedings to be instituted for the acquisition by condemnation of any lands, easements, or rights of way which, in the opinion of the Corporation, are necessary to carry out the provisions of the chapter." The petition alleges that the corporation has caused surveys to be made of the land which will be flooded as a result of the construction of the dam and the other lands which the corporation will need in connection with the construction of the dam, "and the corporation has determined that the land hereinafter described will be necessary for carrying out the purposes of the Tennessee Valley Authority Act." Inasmuch as the purpose of the Gilbertsville Dam is a public one, and the Tennessee Valley Authority has determined under the authority delegated to it by the Tennessee Valley Authority Act that the land in question is necessary for carrying out the purposes of the Act, this Court is of the opinion that it has no authority to review this decision and accordingly the 33 acres in question is subject to condemnation in connection with the other property being condemned in these proceedings.

There also appears to be authority to support the general proposition that the right to condemn land for a public purpose carries with it the right to condemn adjoining lands for protection, or for obtaining materials for use in the construction of the contemplated project, and for other incidental purposes. See Bragg v. Weaver, 251 U. S. 57, 40 S.Ct. 62, 64 L.Ed. 135; Vol. 1 Nichols on Eminent Domain, Section 62, Page 177; 20 Corpus Juris subject Eminent Domain Section 77, and cases cited.

Petitioner's motion to strike the amended answer is therefore sustained, and respondent's motion to set aside the order entered herein on July 22, 1939 providing for the removal of the graves located upon the property in question is overruled.