## UNITED STATES v. 1177 ACRES OF LAND, MORE or LESS, IN DADE COUNTY, FLA., et al.
### et al.

#### No. 801.

District Court, S. D. Florida.

Aug. 16, 1943.

Stuart W. Patton, Sp. Atty., of Miami, Fla., for plaintiff.

Fred W. Cason, of Miami, Fla., for defendants.

HOLLAND, District Judge.

On February 12, 1943, petition for condemnation was filed by the United States of America, petitioner, against certain acreage in Dade County, Florida, to be used in connection with the supply and repair depot at the 36th Street Airport. On February 15, 1943, an order was entered awarding possession to the Government. On April 14, 1943, Dade County, a political subdivision of the State of Florida, filed an objection to the entry of judgment of taking, and also on the same date filed its motion for modification of amended order awarding possession. The said motion and objection of Dade County were on the law argued before the Court on May 10, 1943. Decision on the matter was withheld pending such time as the petitioner would present a proposed judgment on declaration of taking, at which time the Court would be called upon to determine the merits of said motion and objection of Dade County.

On August 14, 1943, the petitioner filed motion to amend, and moved the Court to enter an amended judgment on the declaration of taking No. 1, so as to include the said estate as requested by the Secretary of War of the United States. The presentation of said motion, together with the proposed amended judgment on declaration of taking No. 1, calls for a decision on the matters heretofore held under advisement.

Whether the purpose of taking is for a public use is a judicial question and for the Court to decide, but when the intended use is public, the necessity and the expediency of the taking may be determined by a properly constituted agency of the Government. These are legislative questions, no matter who may be charged with their decision. Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135.

The question of necessity is not one of a judicial character, but rather one for determination by the law making branch of the Government. Backus v. Fort Street Union Depot Company, 169 U.S. 557, 568, 18 S.Ct. 445, 42 L.Ed. 853. While many of the cases announcing this doctrine deal with State statutes and State legislative determination of the necessity for the taking of property for public use, the Courts' have applied the same doctrine to the Federal statutes.

In Barnidge v. United States, 8 Cir., 101 F.2d 295, 299, it is held that when Congress delegates to an administrative official the power to determine the necessity of taking, his determination with certain exceptions is not subject to judicial review. In United States v. Threlkeld, 10 Cir., 72 F.2d 464, it is held that in the absence of bad faith, if the use is a public one, the necessity for the desired property being acquired, or the expediency of its appropriation, is not a question for judicial determination. Rather it is one for the legislative branch of the Government, and its determination may be delegated. In United States v. 72 Acres of Land, etc., D.C., 37 F.Supp. 297, the above authorities are cited in a well-considered announcement of the doctrinal principles applicable to both cases.

I realize that by 40 U.S.C.A. § 257 the broad discretionary rights as to the selection of property to be condemned are not vested in the officer of the Government, but by 50 U.S.C.A. § 171 and 50 U.S.C.A. Appendix § 632. Congress has delegated to the Secretary of War of the United States broad powers in the exercise of the delegated authority, and in the selection of sites proposed to be condemned. The Secretary of War is by 50 U.S.C.A. Appendix § 632 authorized to proceed in this case.

No fraud or bad faith on the part of the petitioning agency appears or is alleged. At most it is urged by the defendant that the taking of the fee simple title to the disputed "Red Road" is arbitrary. This is not equivalent to alleging there was bad faith or fraud on the part of the petitioning agency, which under the authorities would be a basis for a petition on the part of the objector, and by subsequent proceedings to have the declaration of taking, and judgment, declared a nullity.

The objection of Dade County is overruled, and the motion of Dade County is denied, and I have this day entered judgment on the declaration of taking, in accordance with the motion to amend presented August 14, 1943.