**GOVERNMENT OF AMERICAN SAMOA, Plaintiff**

v.

**SOLIAI of Nuuuli, Defendant**

No. 25-1950

High Court of American Samoa

Civil Jurisdiction, Trial Division

December 29, 1950

---

A. A. MORROW, *Chief Justice;* TIUMALU, *District Judge;* and MALEPEAI, *District Judge.*

## DECISION

Heard at Fagatogo Thursday, December 14, 1950.

Attorney General Neely for Government of American Samoa; Soliai, *pro se.*

MORROW, *Chief Justice.*

This is a proceeding instituted by the Government of American Samoa to condemn 3.221 acres of land bordering the highway on the north between Nuuuli and Tafuga. The property belongs to the Soliai family of Nuuuli. The government first attempted to purchase the land directly from Soliai but was unable to reach an agreement with him as to the purchase price. It then gave notice through the Registrar of Titles to the Soliai family of these proceedings. A notice was also posted upon the land and at the Administration Building and published all in accordance with Sec. 993, Sub-division (a), of the A. S. Code. Finally a board of arbitrators was appointed to determine the value of the property. A majority of the board fixed the value at $1,000.00. Soliai refused to accept this sum. The matter of condemnation is now before the court pursuant to Sec. 993, Sub-division (m) of the Code. The land sought to be condemned has a rock quarry on it from which the government desires to take rock for use in the maintenance and construction of public highways in American Samoa.

██ ██ There are two questions for the court to determine: (1) may the government condemn such land for such purpose and (2) if it may, what is just compensation therefor. The people of American Samoa are protected by the due process clause in the 5th Amendment to the Constitution of the United States. See *Balzac v. Porto Rico*, 258 U.S. 298 at pp. 312–3 in which Chief Justice Taft, speak-

ing for the Supreme Court of the United States, said "The guaranties of certain fundamental personal rights declared in the Constitution, as for instance that no person could be deprived of life, liberty or property without due process of law, had from the beginning full application in the Philippines and Porto Rico . . ." At the time of this decision in 1920 both the Philippines and Porto Rico, like American Samoa, were unincorporated territory of the United States. See also Rottschaeffer, Constitutional Law, p. 373; Willis on Constitutional Law, pp. 262-3; 62 C. J. 786; Corwin, The Constitution and What it Means Today (10th ed. 1948), pp. 141-2; *Derr v. U.S.*, 195 U.S. 138. That the right to due process of law is a fundamental human right is clear. *Downes v. Bidwell*, 182 U.S. 244, 282-3. The United States in its report to the United Nations in 1949 said "The fundamental personal rights of the inhabitants of American Samoa are protected by the Constitution of the United States." OpNav-P22-100F at p. 4. The particular provision applicable in the present case is that no person shall be deprived of life, liberty or property without due process of law. This provision in the 5th Amendment is a limitation upon the power of the Government of the United States and likewise upon the Government of American Samoa since the only sovereignty in American Samoa is the sovereignty of the United States. It is not a sovereign state. The power of the Government of American Samoa is also limited by the American Samoa Bill of Rights, the applicable limitation being in Sec. 28 of the A. S. Code which prescribes that "No person shall be deprived of life, liberty or property without due process of law, nor shall private property be taken for public use without just compensation . . ."

█ Private property may not be taken by the government for private purposes even though just compensation be paid therefor. "Furthermore the courts have denied

the right to take private property for private use on the ground that it would deprive the owner of his property without due process of law . . ." 29 C.J.S. 819. However, it is recognized that the taking of private property for public use with just compensation for the property taken does not constitute a violation of the due process clause and is within the power of the government. This is so well established that authority therefor need not be cited.

■ "Public highways were the earliest objects of the exercise of eminent domain in this country (the United States), and it has never been doubted that land taken for a public highway, necessary and convenient to the public, is taken for a public use. A similar rule obtains as to the taking, under public authority, of earth from private land to be used in repairing highways." 18 Am.Jur., Tit. Eminent Domain, sec. 57. In *Bragg v. Weaver*, 251 U.S. 57, 64 L.ed. 135, 40 S.Ct. 62, it was held that the taking of earth from land adjoining a public highway in Virginia to be used in repairing the road constituted a taking for public use. We have no doubt whatever that the taking of land in American Samoa for the purpose of securing rock therefrom for use in repairing the roads and building new roads constitutes a taking for a public use and that such taking for just compensation violates neither the 5th Amendment to the United States Constitution nor the American Samoa Bill of Rights.

Soliai was accorded a full hearing by the court upon the issue of just compensation. The court heard his witnesses and he was accorded the right of cross examination of the government witnesses.

■ A number of qualified witnesses testified as to the value of the land to be taken. It is our opinion, based upon the testimony of the witnesses and taking into consideration the depreciation in the value of the dollar, that the $1,000.00 found by the majority of the Board of Arbitra-

tors to be the value of the property to be taken is fair, reasonable and just compensation therefor, and we so find.

We think that there was a sufficient seizure of property to give the court jurisdiction to transfer the title thereto by its decree.

Accordingly it is ORDERED, ADJUDGED and DE-CREED that the land described as follows:

"Beginning at an iron pin, the true point of beginning 20 feet more or less northerly of the center-line of the main east-west highway thence N 34°04′ W a distance of 20 feet thence N 14°52′ W a distance of 480 feet, thence N 58°45′ E a distance of 215.50 feet, thence S 45°50′ E a distance of 422 feet, thence along the boundary of Levu's land N 59°15′ W a distance of 277 feet, thence along the boundary of Levu's land N 79°48′ W a distance of 18.50 feet, thence S 35°02′ E a distance of 337.20 feet more or less to a point on the center-line of the east-west highway, thence S 44°10′ W a distance of 88.2 feet along center-line of the east-west highway, thence S 55°56′ W a distance of 240.80 feet along the center-line of the main east-west highway, thence N 34°04′ W a distance of 20 feet to an iron pin the true point of beginning, except that portion of the described land occupied by the main east-west highway."

be and it is hereby condemned and the title thereto hereby vested in the Government of American Samoa in fee simple.

Such parcel of land including said portion thereof occupied by the main east-west highway contains 3.221 acres more or less and is located approximately 1650 feet more or less easterly of the intersection of the said main east-west highway with the Tafuna Road. All bearings are magnetic.

It is further recited that the "Point of beginning" as marked on the survey filed in these proceedings as a part of the record lies in the middle of the said east-west highway a distance of 20 feet (bearing S 34°94′ E) from the afore-mentioned iron pin described herein as "the true point of beginning."

The Registrar of Titles will be advised of this decree and will record it in the Register of Transfers. The Government of American Samoa will pay $1,000.00 to Soliai in his capacity as matai of the Soliai family of Nuuuli as just compensation for the above condemned land. No costs will be taxed.