Filed 9/21/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, | C097529 |
| Petitioner, | (Super. Ct. No. STKCVUED20160006638) |
| v. | |
| THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, | |
| Respondent; | |
| SOUTH SAN JOAQUIN IRRIGATION DISTRICT, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate. Petition granted. Robert T. Waters, Judge.

Manatt, Phelps & Phillips, George M. Soneff, Edward G. Burg, Joanna S. McCallum and David T. Moran for Petitioner.

Nossaman and Bradford B. Kuhn for California Water Association and Southern California Edison Company as Amici Curiae on behalf of Petitioner.

Horvitz & Levy, John A. Taylor, Jr., and Bradley S. Pauley for San Diego Gas and Electric Company as Amicus Curiae on behalf of Petitioner.

1

No appearance for Respondent.

Matteoni, O'Laughlin & Hechtman, Margaret M. O'Laughlin, Gerald Houlihan; Murphy & Evertz, Douglas J. Evertz and Jennifer Riel McClure for Real Party in Interest.

Best, Best, & Krieger, Kendall H. MacVey and Guillermo A. Frias for California Water Agencies, League of California Cities and California Municipal Utilities Association as Amici Curiae on behalf of Real Party in Interest.

Petitioner Pacific Gas and Electric Company (PG&E) seeks extraordinary writ relief for the second time arising out of the parties' ongoing efforts to clarify the standard of proof to be applied at trial on South San Joaquin Irrigation District's (the District) right to take part of PG&E's electric distribution system under the Eminent Domain Law (Code Civ. Proc., § 1230.010 et seq.).[1] PG&E emphasizes that it does not challenge the validity of the resolution of necessity adopted by the District. PG&E does challenge the District's right to take its property on grounds that conflict with various findings the District made in its resolution. Because these challenges are authorized by statute (§§ 1250.360, subd. (f), 1250.370), PG&E can succeed at trial by essentially disproving one of these findings by a preponderance of the evidence. Further, we agree with PG&E that the superior court's September 6, 2017 and November 28, 2022 orders erred in concluding that PG&E also needed to demonstrate the District abused its discretion in adopting its resolution of necessity.

Therefore, we shall issue a peremptory writ of mandate compelling the superior court to vacate its September 6, 2017 and November 28, 2022 orders, and enter a new order consistent with this opinion.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

## I. BACKGROUND

### A. *Procedural Background*

Real party in interest the District is a California special district that provides irrigation water and domestic water service to customers in southern San Joaquin County. PG&E is a public utility that owns and operates an electric distribution system that provides retail electric service within the District's service area. In 2016, the District filed the underlying eminent domain action to acquire the portion of PG&E's electric distribution system that is within the District's service territory in order to provide its own retail electric service. The complaint attached a resolution of necessity adopted by the District. The resolution contained the following findings by the District: (1) the public interest and necessity require the project; (2) the project is planned or located in the manner that will be most compatible with the greatest public good and the least private injury; (3) the property is necessary for the proposed project; and (4) the public use by the District of PG&E's electric distribution system constitutes a more necessary public use than the use for which the property is appropriated by PG&E.

PG&E's answer included an objection to the District's right to take its property under section 1250.360, subdivision (f), on the grounds that the District's takeover of the property was not for a more necessary public use. PG&E further objected pursuant to section 1250.370 on the grounds that: (1) the public interest and necessity do not require the project; (2) the project is not planned or located in the manner that will be most compatible with the greatest public good and the least private injury; and (3) the property described in the complaint is not necessary for the proposed project. The answer did not state PG&E challenged the validity of the resolution of necessity or make any reference to section 1245.255. That statute provides for "judicial review of the validity of the resolution" as well as a challenge to the effect of the resolution on the grounds that "its adoption or contents were influenced or affected by gross abuse of discretion by the governing body." (§ 1245.255, subds. (a), (b).)

3

In 2017, the parties filed cross-motions to determine the standard of review and/or standard of proof at trial on the District's right to take. In its motion, PG&E emphasized that it was not challenging the validity of the resolution of necessity or its evidentiary effect under section 1245.255. Nonetheless, in a September 6, 2017 order, the Honorable Carter P. Holly characterized PG&E's challenges as to "the District's right to take and the validity of the District's adopted Resolution of Necessity." Judge Holly held "PG&E may introduce additional evidence, outside the record of the District's Resolution of Necessity proceeding, to attempt to disprove the District's determinations that the four findings of public use and necessity have been established. [¶] While the District's Resolution establishes a rebuttable presumption that the four public use and necessity requirements have been satisfied, the Resolution is a quasi-legislative act of the governing body of a public entity, which cannot be overturned absent a finding that the body committed a gross abuse of discretion. The quasi-legislative nature of the Resolution is not altered because extrinsic evidence can be considered by the Court. [¶] To succeed at trial, PG&E has the burden of proof to show that the District committed a gross abuse of discretion in adopting the Resolution by showing that there is a lack of substantial evidence to support the public use and necessity determinations."

In October 2017, PG&E filed a petition for writ of mandate in this court seeking interlocutory review of the September 6, 2017 order. We issued an order to show cause. In January 2018, before briefing was complete on PG&E's writ petition, the superior court granted PG&E's pending motion to dismiss the eminent domain action on other grounds, and entered judgment for PG&E. Thereafter, PG&E filed a notice of case resolution and withdrawal of petition for writ of mandate in this court, explaining that the underlying case had been resolved by judgment in its favor and requesting dismissal of the writ proceeding. The District opposed dismissal. We ruled that PG&E's notice would be treated as a motion to withdraw the writ petition, granted the motion, and vacated the order to show cause.

In *Pacific Gas & Electric Company v. San Joaquin Local Agency Formation Commission* (Dec. 15, 2021, C086008) [nonpub. opn.], a different panel of this court reversed the 2018 judgment of dismissal and remanded the action for further proceedings.

On remand, the District filed a section 170.6 peremptory challenge to Judge Holly, and the Honorable Robert T. Waters was assigned to the case.

PG&E filed a motion in limine for determination of the standard of proof. Again, PG&E emphasized it was not challenging the validity of the resolution of necessity or its evidentiary effect under section 1245.255. The District opposed the motion.

On November 28, 2022, Judge Waters issued an order concluding he could not reconsider or modify Judge Holly's 2017 order.[2] As a result, the court "confirm[ed]" the prior ruling in its entirety, including that:

"PG&E may introduce additional evidence, out of the record of [the District]'s Resolution of Necessity proceeding, to attempt to disprove [the District]'s determinations that the four findings of public use and necessity have been established [citation]; and [¶]

---

[2] PG&E states it "disagrees with the court's view of its own authority" to revisit the 2017 order but advances no substantive argument in support of this assertion. PG&E argues the "2022 Order, which incorporates and 'confirm[s]' the 2017 Order, is legally erroneous, as is the 2017 Order." In its return, the District does not argue we cannot address the substance of the 2017 order now. Indeed, both parties' briefing focuses on the merits of this order. "As a general rule, a writ petition should be filed within the 60-day period that is applicable to appeals. [Citations.] 'An appellate court may consider a petition for an extraordinary writ at any time [citation], but has discretion to deny a petition filed after the 60-day period applicable to appeals, and should do so absent "extraordinary circumstances" justifying the delay.' " (*Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 701, emphasis omitted.) We conclude such extraordinary circumstances exist in this proceeding. Primarily, a timely writ petition was previously filed with respect to the 2017 order and was only dismissed because it was then moot. Further, the current writ petition is timely as to the 2022 order and, as we will discuss, to the extent it is erroneous, it is erroneous because it attempts to incorporate an erroneous and incompatible earlier ruling. We will therefore address the merits of both rulings.

[t]he standard of judicial review is whether [the District] committed a gross abuse of discretion in adopting the Resolution by showing that there is a lack of substantial evidence to support the public use and necessity determinations."

The court further stated the 2017 order "did not resolve the issue of the applicable burden of proof standard" and ordered that "the applicable burden of proof standard for PG&E at the Right to Take trial is the preponderance of the evidence standard." The court also stated, pursuant to section 166.1, that it believed the issues presented in PG&E's motion and addressed in the 2017 order "present controlling questions of law as to which there are substantial grounds for difference of opinion, and that appellate resolution of them may materially advance the conclusion of the litigation."

PG&E filed this petition for writ of mandate or other appropriate relief asking this court to direct the superior court to "vacate the 2022 Order and the incorporated 2017 Order, and instead grant PG&E's motion in limine."

The District submitted a preliminary opposition arguing we should summarily deny the petition because: (1) it is a procedurally improper attempt to secure a second opportunity to appeal an interim order long after the time to challenge that order has expired; (2) this court declined to address this issue in our 2021 opinion; (3) there are no extraordinary circumstances warranting writ relief; and (4) the 2017 Order was not erroneous.

We issued an order to show cause why the relief prayed for in this proceeding should not be granted. The District filed a return by answer addressing only PG&E's substantive arguments regarding the proper burden of proof at trial.

B.    *Legal Background*

" 'Eminent domain is the right of the people or government to take private property for public use.' " (*Customer Co. v. City of Sacramento* (1995) 10 Cal.4th 368, 377, fn. 3.) Under California's statutory Eminent Domain Law, "[t]he power of eminent

6

domain may be exercised to acquire property for a proposed project only if all of the following are established:

"(a) The public interest and necessity require the project.

"(b) The project is planned or located in the manner that will be most compatible with the greatest public good and the least private injury.

"(c) The property sought to be acquired is necessary for the project." (§ 1240.030.)

"These three prerequisites to condemnation have been described as 'the public necessity elements.' " (*SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 468.)

A public entity cannot commence an eminent domain proceeding until its governing body has adopted a resolution of necessity that meets the requirements set forth in the Eminent Domain Law. (§ 1245.220.) Among those requirements is notice to the person whose property is to be acquired and an opportunity to be heard on the public necessity elements. (§ 1245.235.) The resolution must ultimately contain "[a] declaration that the governing body of the public entity has found and determined" the public necessity elements. (§ 1245.230, subd. (c).) Additionally, where, as here, the property is already appropriated to public use,[3] the resolution of necessity must refer to section 1240.610, which requires that the new use be "*a more necessary public use* than the use to which the property is [already] appropriated." (§ 1240.610, italics added.)

This proceeding concerns the application of certain presumptions related to the more necessary public use (§ 1240.610) and public necessity (§ 1240.030) elements that apply at trial when the property to be condemned is utility property. These presumptions

---

[3] See *Slemons v. Southern California Edison Co.* (1967) 252 Cal.App.2d 1022, 1026 ["Electric power lines for the transmission and distribution of electric energy are clearly a public use of property for eminent domain purposes"].

were added in 1992 by Senate Bill No. 1757 (1991-1992 Reg. Sess.; Senate Bill No. 1757) (Stats. 1992, ch. 812, §§ 2-3).

With respect to the more necessary public use requirement, generally it is presumed that "[w]here property has been appropriated to public use by any person other than a public entity, the use thereof by a public entity for the same use or any other public use is a more necessary use than the use to which such property has already been appropriated." (§ 1240.650, sub. (a).) However, where the property "is electric, gas, or water public utility property which the public entity intends to put to the same use, the presumption of a more necessary use established by subdivision (a) is a rebuttable presumption affecting the burden of proof." (§ 1240.650, subd. (c).)

Similarly, in most situations, a resolution of necessity "conclusively establishes" the public necessity elements. (§ 1245.250, subd. (a).) However, "[i]f . . . the property is electric, gas, or water public utility property, the resolution of necessity creates a rebuttable presumption that the matters referred to in [s]ection 1240.030 are true. This presumption is a presumption affecting the burden of proof." (§ 1245.250, subd. (b).)

A defendant in an eminent domain action may avoid the effect of a section 1245.250 presumption regarding the public necessity elements by successfully challenging the validity of the resolution of necessity. (*San Bernardino County Flood Control Dist. v. Grabowski* (1988) 205 Cal.App.3d 885, 897.) Section 1245.255, subdivision (a) provides for "judicial review of the validity of the resolution" before commencement of the eminent domain action by petition for writ of mandate under section 1085, or after commencement of the action by objection to the right to take. Additionally, "[a] resolution of necessity does not have the effect prescribed in [s]ection 1245.250 to the extent that its adoption or contents were influenced or affected by gross abuse of discretion by the governing body." (§ 1245.255, subd. (b).) Again, PG&E does not raise any challenges under section 1245.255. Nonetheless, in order to contextualize

the superior court's rulings, we explain the standards that apply to challenges under section 1245.255.

"A challenge to a resolution of necessity raised as a defense in an eminent domain action is reviewed under the same standard as a challenge by way of a writ of mandate." (*Inglewood Redevelopment Agency v. Aklilu* (2007) 153 Cal.App.4th 1095, 1114.) " '[C]ourts exercise very limited review "out of deference to the separation of powers between the Legislature and the judiciary, to the legislative delegation of administrative authority to the agency, and to the presumed expertise of the agency within its scope of authority." [Citation.] The court may not weigh the evidence adduced before the administrative agency or substitute its judgment for that of the agency, for to do so would frustrate legislative mandate.' [Citation.] [¶] ' "Judicial review of the resolution of necessity by ordinary mandamus on the ground of abuse of discretion is . . . to determine whether adoption of the resolution by the governing body of the public entity has been arbitrary, capricious, or entirely lacking in evidentiary support, and whether the governing body has failed to follow the procedure and give the notice required by law." [Citation.]' [Citations.] 'A gross abuse of discretion may be shown by a lack of substantial evidence supporting the resolution of necessity.' " (*Redevelopment Agency of City of Chula Vista v. Rados Bros*. (2001) 95 Cal.App.4th 309, 316-317.)

Additionally, "the trial court's review of the validity of the resolution of necessity under section 1245.255 is limited to a review of the agency's proceedings and therefore no new evidence may be admitted." (*Santa Cruz County Redevelopment Agency v. Izant* (1995) 37 Cal.App.4th 141, 150.)

The trial on an agency's right to take is "not limited to deciding the validity of the resolution of necessity." (*Santa Cruz County Redevelopment Agency v. Izant, supra*, 37 Cal.App.4th at pp. 150-151.) Indeed, the focus of PG&E's extraordinary writ petition is the fact it may object to the District's right to take on any ground authorized by section 1250.360 or 1250.370. (§ 1250.350.) Section 1250.360 provides, "Grounds for objection

to the right to take, *regardless* of whether the plaintiff has adopted a resolution of necessity." (Italics added.) These objections include an objection that the proposed acquisition is not for a more necessary public use. (§ 1250.360, subd. (f).) Section 1250.370 permits objections that contest the public necessity elements "where the plaintiff has not adopted a resolution of necessity that conclusively establishes" the public necessity elements. It is our task to address the burden of proof at trial with respect to these objections. We turn now to this question.

## II. DISCUSSION

### A. *Standard of Review*

"We review questions of statutory construction de novo. [Citation.] 'Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.]' [Citation.] We construe the statute's words in context, and harmonize statutory provisions to avoid absurd results. [Citation.] If we find the statutory language ambiguous or subject to more than one interpretation, we may look to extrinsic aids, including legislative history or purpose to inform our views." (*John v. Superior Court* (2016) 63 Cal.4th 91, 95-96.)

### B. *Burden of Proof*

#### 1. *Successful Challenge to Validity of Resolution Not Required*

PG&E argues it does not have to show the District grossly abused its discretion or that the findings in the resolution of necessity are not supported by substantial evidence; it simply must prove that one of the public necessity elements (§ 1240.030) or the more necessary public use element (§ 1240.610) is not true by the preponderance of the evidence. The District argues PG&E's assertions are not supported by the express language of the statutes. We agree with PG&E. Its construction of the relevant statutes has properly harmonized their provisions. The District argues that, despite what it

10

claims, PG&E's challenge is to the validity of the resolution of necessity under section 1245.255. This is incorrect.

An objection to the right to take may be raised on the grounds that the proposed acquisition does not satisfy the requirements of section 1240.610 regarding condemnation for a more necessary public use. (§ 1250.360, subd. (f).) Such an objection may be raised "regardless of whether the plaintiff has adopted a resolution of necessity." (§ 1250.360.) Where the property "is electric, gas, or water public utility property which the public entity intends to put to the same use," there is a "rebuttable presumption affecting the burden of proof." (§ 1240.650, subd. (c).)

Section 1250.370 provides that, where, as here, "the plaintiff has *not* adopted a resolution of necessity that *conclusively* establishes" the public necessity elements, a defendant may object to the plaintiff's right to take on grounds that include: "(b) The public interest and necessity do not require the proposed project. [¶] (c) The proposed project is not planned or located in the manner that will be most compatible with the greatest public good and the least private injury. [¶] (d) The property described in the complaint is not necessary for the proposed project." (§ 1250.370, italics added.) Thus, a public utility may attempt to prove that a public necessity element is not met.

Neither a challenge under section 1250.360, subdivision (f) to the more necessary public use element nor a challenge under section 1250.370 to a public necessity element is inherently a challenge to the validity of a resolution of necessity that requires a showing of abuse of discretion or lack of substantial evidence. (See *San Bernardino County Flood Control Dist. v. Grabowski, supra,* 205 Cal.App.3d at p. 898 ["Even if the Resolution of Necessity was properly adopted, thus presumptively establishing the existence of the three conditions precedent, this rebuttable presumption of truth was overcome at trial by the introduction of contradictory evidence"].) These statutory provisions permit an objection on grounds that are separate from the validity of the resolution of necessity though the resolution remains significant because it impacts the

11

burden at trial with respect to the public necessity elements. Here, because the property at issue is electric public utility property, "the resolution of necessity creates a rebuttable presumption" that the public necessity elements are true. (§ 1245.250, subd. (b).)

Our conclusion finds further support in case law pertaining to condemnation of property outside a public entity's boundaries. Where the property to be condemned "is not located entirely within the boundaries of the local public entity," the resolution of necessity creates a presumption that the public necessity elements are true. (§ 1245.250, subd. (c).) "This presumption is a presumption affecting the burden of *producing evidence*." (*Ibid*., italics added.) The District admits that in extraterritorial condemnation cases, the issues of public use and necessity must be judicially determined without deference to the public entity's findings. (E.g., *San Bernardino County Flood Control Dist. v. Grabowski, supra,* 205 Cal.App.3d at p. 898.) While a presumption affecting the burden of proof and a presumption of affecting the burden of producing evidence are different, they are also related, and we see no basis for concluding that only one permits a substantive challenge to a public necessity element or the more necessary use element separate from challenging the validity of a resolution of necessity.

"Every rebuttable presumption is either (a) a presumption affecting the burden of producing evidence or (b) a presumption affecting the burden of proof." (Evid. Code, § 601.) "The effect of a presumption affecting the burden of proof is to impose upon the party against whom it operates the burden of proof as to the nonexistence of the presumed fact." (Evid. Code, § 606.) While a burden of proof and the burden of producing evidence are different, they are not entirely unrelated. "[T]he burden of proof and the burden of producing evidence initially coincide. [Citations.] So it may fairly be said a presumption affecting the burden of proof initially places on the same party the burden of producing evidence." (*Farr v. County of Nevada* (2010) 187 Cal.App.4th 669, 681.) " 'A presumption affecting the burden of producing evidence requires the ultimate fact to be found from proof of the predicate facts in the absence of other evidence. If

12

contrary evidence is introduced then the presumption has no further effect and the matter must be determined on the evidence presented.  (Evid. Code, § 604.)'  [Citation.]  In fact, as the trial or hearing progresses in such a situation, the burden of producing evidence, once met, may shift between the parties as further evidence is introduced, while the burden of proof remains with the party on which it is placed by law.  [Citations.]  The ultimate burden of proof is never altered."  (*Id*. at p. 682.)  We see no reason for concluding that where the rebuttable presumption affects the *burden of producing evidence* the Legislature intended to allow the court to decide issues based on the evidence without deference to any relevant agency findings, but where the rebuttal presumption affects the *burden of proof* the Legislature intended that the court give the relevant agency findings deference.

We agree with PG&E that, in addition to being inconsistent with the statutory scheme, the requirement imposed by the trial court that PG&E demonstrate the District's findings in its resolution of necessity lacked substantial evidence is illogical and unworkable in combination with the rebuttable presumption and a burden of proof by a preponderance of evidence.  We cannot give effect to section 1240.650, subdivision (c) or section 1245.250, subdivision (b) while also applying a substantial evidence standard.  None of the authorities cited by the District demonstrate otherwise.  (See, e.g., *Fonseca v. City of Gilroy* (2007) 148 Cal.App.4th 1174, 1191-1192 ["Our review thus comes down to independently determining whether the housing element at issue is in substantial *compliance* with applicable statutory requirements, i.e., does it contain the elements mandated by the statute," italics added]; *Johnston v. Sonoma County Agricultural Preservation & Open Space Dist*. (2002) 100 Cal.App.4th 973, 988 [concluding Public Resources Code section 5540 was inapplicable to the petition for writ of mandate and "[a] trial on the issue of best and most necessary public use only occurs when the eminent domain defendant objects to the taking on that ground"].)  "A presumption affecting the burden of proof places on the party against whom it operates the obligation to establish

13

by evidence the requisite degree of belief concerning the nonexistence of the presumed fact in the mind of the trier of fact or the court; in other words, the affirmative obligation to prove it false by a preponderance of the evidence, unless a different standard of proof is required by law.' " (*Farr v. County of Nevada, supra,* 187 Cal.App.4th at p. 681.) "Unless deemed by the law to be conclusive, a presumption is rebutted by the existence of contrary evidence, not by the absence of supporting evidence." (*San Diego Housing Com. v. Public Employment Relations Bd.* (2016) 246 Cal.App.4th 1, 13, fn. 9.) In contrast, " '[i]n substantial evidence review, the reviewing court defers to the factual findings made below. It does not weigh the evidence presented by both parties to determine whose position is favored by a preponderance. Instead, it determines whether the evidence the prevailing party presented was substantial—or, as it is often put, whether any rational finder of fact could have made the finding that was made below. If so, the decision must stand.' " (*Coastal Environmental Rights Foundation v. California Regional Water Quality Control Bd.* (2017) 12 Cal.App.5th 178, 187-188.) The fact the Legislature adopted a rebuttable presumption affecting the burden proof further demonstrates that substantial evidence review does not apply to an objection under section 1250.370 or 1250.360, subdivision (f).

The District contends our interpretation of the statutory scheme would lead to absurd results because the trial court has no authority to judicially veto discretion granted to the District by the Legislature. That argument is at odds with the settled interpretation of the statutes with respect to extraterritorial cases. Further, we disagree that what the Legislature did was absurd. Under the Eminent Domain Law, even where the public necessity requirements are met, the exercise of the power of eminent domain is not required. (§ 1230.030.) In the circumstance where an agency initiates an eminent domain action to condemn a public utility, the agency has the discretion to exercise that power where appropriate. However, it is not absurd that the Legislature decided to make

14

the public necessity and more necessary use elements judiciable in this context. Indeed, as we will discuss next, it appears the Legislature had policy reasons for doing so.

2. *Legislative History*

The District argues the legislative history does not support our construction of the relevant statutes. Neither party has identified an ambiguity that would require us to turn to the legislative history. Regardless, the legislative history confirms our construction of the relevant statutes.

The Legislative Committee comments following section 1245.250 explain that a resolution of necessity "does not affect the right of a defendant to contest the right to take his property" under section 1240.620 as not for a more necessary public use.

The Enrolled Bill Report for Senate Bill No. 1757 states the Governor's Office of Planning and Research recommended the Governor sign the bill because "there is a clear difference between taking property because the community needs it for a more important use, and taking property because the local government wants it under its own management." Further, "[u]nder current law, private utility owners simply do <u>not</u> have the ability to challenge the necessity of a public entity to take their property for the same public use. This office believes that private property owners should have the right to legally challenge whether it is in the public's best interest to seize their property." The trial court properly took judicial notice of this document. Enrolled bill reports are instructive on matters of legislative intent. (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 934, fn. 19.) Here, it comports with our understanding that, just an in extraterritorial condemnation cases, the Legislature had policy reasons for allowing greater judicial scrutiny over the decision to condemn.

To support its counter argument, the District has requested judicial notice of an excerpt from the Journal of the Assembly from August 27, 1992, that explained Assembly Member Jackie Speier "was granted unanimous consent that the following communication relative to Senate Bill No. 1757 be printed in the Journal": "[Senate Bill

15

No.] 1757 makes a procedural change in how, under limited circumstances, the question of necessity and better public use is proven in eminent domain actions. It creates a rebuttable rather than a conclusive presumption in the specified circumstances. [¶] When I presented [Senate Bill No.] 1757 on the Floor for Assembly passage, I stated in argument and stressed to the Assembly that 'this is a procedural change, evidentiary in nature' – and that it does not affect basic rights but only allows introduction of evidence on the subject of the presumption." [4] The District argues that the only change made by Senate Bill No. 1757 was to allow the introduction of extrinsic evidence. This argument is unpersuasive because it does not follow from the plain language of the statute. Further, the statement that the legislation did not "affect basic rights" is too vague for us to understand the meaning of the assembly member's statement. Our review of the legislative history cited by the parties does not alter our analysis of the statutory language.

### 3.     *Separation of Powers*

The District argues the separation of powers doctrine requires its quasi-legislative determinations be accorded judicial deference. We disagree. The necessity of a taking is a legislative question. (*Bragg v. Weaver* (1919) 251 U.S. 57, 58; *Anaheim Redevelopment Agency v. Dusek* (1987) 193 Cal.App.3d 249, 254.) Historically, "our statutory provisions [citations] have placed the determination of the question of 'necessity' within the exclusive province of the condemning body by expressly declaring that the latter's determination of 'necessity' shall be 'conclusive evidence' thereof."

---

[4] We deferred ruling on the District's request pending calendaring and assignment of the panel. We now grant the request only as to this excerpt from the Journal of the Assembly attached as exhibit 4 and the additional legislative history attached as exhibit 3 to the request. (See *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 31-32 [house journals and floor statements are cognizable legislative history].) We deny the request as to the remaining documents as they are irrelevant to our resolution of this petition.

(*People v. Chevalier* (1959) 52 Cal.2d 299, 306-307.)  However, the question of necessity can be made a judicial question by statute, and the Legislature has done just that in the context of public utilities.  (*Id*. at p. 306.)  As evidenced by cases involving extraterritorial condemnation, that this can be a judicial question separate from the validity of the resolution of necessity is nothing new.  (*San Bernardino County Flood Control Dist. v. Grabowski, supra,* 205 Cal.App.3d at p. 898.)  The separation of powers doctrine does not dictate we rewrite the terms of section 1250.370 or 1250.360, subdivision (f).

PG&E need not demonstrate the District abused its discretion in adopting its resolution of necessity to successfully object to the District's right to take its utility property under section 1250.370 or 1250.360, subdivision (f).

### III. DISPOSITION

Let a peremptory writ of mandate issue vacating respondent court's September 6, 2017 and November 28, 2022 orders and directing the superior court to issue a new order consistent with this opinion. Pacific Gas and Electric Company shall recover its costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)


/S/

_____

RENNER, J.


We concur:


/S/

_____

DUARTE, Acting P. J.


/S/

_____

HORST, J.*

_____

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.