## UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. PAYNE et al.

### Civ. A. No. 398.

United States District Court
E. D. Tennessee, N. E. D.
May 26, 1948.

Joseph C. Swidler, Charles J. McCarthy, Thomas A. Pedersen, James H. Eldridge, Knoxville, Tennessee, attorneys for petitioner.

Milligan & Haynes, Greeneville, Tennessee, attorneys for respondents.

GEORGE C. TAYLOR, District Judge.

Petitioner has filed its petition and declaration of taking for acquisition of an electric transmission line easement and right of way over land owned by certain of the respondents, the taking by condemnation being pursuant to act of Congress approved February 26, 1931, 46 Stat. 1421, c. 307, 40 U.S.C.A. § 258a, and the Tennessee Valley Authority Act of May 18, 1933, 48 Stat. 58, as amended, 16 U.S.C.A. § 831 et seq. Answers have been filed by three of the seven respondents, and W. E. Payne and his wife, Mary Payne, owners of the land, have joined with their answer a motion to strike the following from the petition and declaration of taking:

"* * * and to cut and remove any and all trees now or hereafter growing, beyond the limits of said right of way, any part of which would in falling directly toward the line strike any structure or conductor of said line or come within five (5) feet of any conductor."

It is urged by respondents that the right defined in the quoted language is so vague, indefinite and uncertain as not to be the subject of condemnation, that no provision for compensation for the removal of said trees is contained in the petition, and that "the damages resulting from the removal of danger trees is necessarily so vague and uncertain that the right of the parties cannot be determined in this proceeding."

Propriety of the motion to strike is the question here, and the answer depends upon the extent to which petitioner may exercise the power of eminent domain. It is not disputed that on general principles an easement and right of way may be condemned. Objection is made to the tree-

cutting right because it is so vague, indefinite and uncertain as not to be the subject of condemnation. While there is an element of uncertainty as to the number of trees, if any, that will be cut, there is no uncertainty as to the definition of a danger tree, and there can be but slight uncertainty as to its location. Vagueness, uncertainty and indefiniteness are, therefore, largely illusory. Some of the easement rights sought to be condemned will be exercised within an exactly defined strip of land, while the cutting of danger trees is a right to be exercised, in part at least, beyond the limits of that strip of land. It is not questioned that petitioner may condemn a right to cut danger trees, or all trees, within the defined area, no vagueness or uncertainty being there encountered. The uncertainty arises because of the location upon the ground of an imaginary line. If driven by necessity to do so, petitioner could move this imaginary line, and by so doing remove all vagueness and uncertainty. If respondents' motion were sustained, the result could be to force petitioner, in order to acquire an additional easement which it needs, to impose upon other easement rights an enlargement which it does not need.

 Congress, in delegating the power of eminent domain, has generally foreclosed questions of this kind by vesting Government agencies with both the power and an administrative discretion in its exercise. It is not disputed that the rights sought to be condemned are for a public use, hence the one substantial basis for judicial review of the exercise of administrative discretion, is absent. United States v. Meyer et al., 7 Cir., 113 F.2d 387; Atlantic Coast Line R. Co. v. Town of Sebring, 5 Cir., 12 F.2d 679. Congress has vested the Tennessee Valley Authority with the power of eminent domain. 48 Stat. 58, 16 U.S.C.A. § 831. This power is expressly applicable to the taking of easements and rights of way for electric power transmission lines. 16 U.S.C.A. §§ 831c(h), 831c(i), and 831x. Under the act creating it, this Government agency can take by condemnation whatever it deems necessary to carry out its functions. 16 U.S.C.A. §§ 831c(f), 831c(g), and 831c(h). It is held that this act should be liberally construed to effect its general purposes, and it is so provided in the act itself. United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843; 16 U.S.C.A. § 831. Subject to the liability for payment of just compensation, the amount of which in this case remains to be ascertained, the necessity for the taking, as well as the nature and extent of the taking, are questions for administrative, and not judicial, determination. This is the general rule, applied consistently to condemnations by the Government through its departments and agencies, and upheld by the federal courts as consistent with the principle of separation of powers as between the legislative and judicial branches. Marbury v. Madison, 1 Cranch. 137, 5 U.S. 137, 2 L.Ed. 60; State of Mississippi v. Johnson, 4 Wall. 475, 71 U.S. 475, 18 L.Ed. 437; Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576; Sears v. City of Akron, 246 U.S. 242, 38 S.Ct. 245, 62 L.Ed. 688; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135; Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809; Rindge Co. v. County of Los Angeles, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186; United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209; And application of practical principles to the use of the power does not invalidate the exercise of the administrative discretion. United States et rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. Here the right of way sought to be condemned has been surveyed and described in exact terms with respect to its location and width. Danger trees have been described with reasonable accuracy with respect to this location, and it has been determined administratively that the tree-cutting right is a necessary acquisition. No authority has been cited to the effect that petitioner, in order to acquire what it needs in one particular, must acquire more than it needs in other particulars, but there is authority in support of a practical solution of the acquisition problem. United States ex rel. T. V. A. v. Welch, supra.

As to ascertainment of damages on account of the tree-cutting right, the problem is no different from the ascertainment of damages generally. It is neither necessary nor permissible to segregate the rights that are being acquired, placing a separate value upon each. The diminution in market value of the land, caused by imposition of the whole easement, is the measure of damages. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236.

The motion to strike will be overruled. Let an order be prepared accordingly.