**UNITED STATES of America,
Plaintiff,**

**v.**

**39.20 ACRES OF LAND, MORE OR LESS, in the COUNTIES of WILLIAMS, ETC., Burleigh, Stutsman and Cass, STATE OF NORTH DAKOTA; Howard C. Hammond, et al., and Unknown Owners, Defendants.**

**Civ. No. 3003.**

United States District Court
D. North Dakota, Southeastern Division.
Jan. 11, 1955.

**624**

Robert Vogel, U. S. Atty., Fargo, N. D., by John J. Mulready, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Milton K. Higgins, of Higgins & Donahue, Bismarck, N. D., for defendants Howard C. Hammond and Helen F. Hammond.

VOGEL, Circuit Judge.

Plaintiff, by this action, seeks to obtain an easement over certain lands described in the complaint, specifically asking for the:

"* * * right, privilege and easement to construct, operate and maintain an electric transmission line with all poles, crossarms, cables, wires, guys, supports, fixtures and devices used or useful in the operation of said line through, over and across said lands (a strip of land 125 feet in width described in the complaint), *together with the right and privilege of placing and maintaining guys and anchorages at greater distances from the center of said transmission line where reasonably necessary to support said transmission line* and the right of ingress and egress to enter upon and leave said premises to survey, construct, maintain, operate, control and use said transmission line and to remove objects interfering therewith, with the right to permit the attachment of wires of others; * * * reserving, however, to the owners the right to cultivate, use and occupy said premises for any purpose consistent with the right and privilege herein taken and which will not interfere with or endanger any of the equipment of the United States or the use thereof; * * *" (Emphasis supplied.)

Howard C. Hammond and Helen F. Hammond, the owners of the land designated in the complaint as Tract C–3, have answered, challenging the right of the plaintiff to acquire the easement sought, their challenge being in the following language:

"That the plaintiff, United States of America, has no right or authority to take the estate in the said tract described in the Complaint, Judgment and Declaration of Taking for the reason that the same attempts to include not only the right to locate the transmission line therein described on and along the right of way but in addition 'the right and privilege of placing and maintaining guys and anchorages at a greater distance from the center of said transmission line where reasonably necessary to support said transmission line', and that the said allegation and interest is indefinite and uncertain and makes it impossible for the defendants to know what area or areas outside of the right of way, which is described in the Complaint, Notice and Declaration of Taking, will be required by the plaintiff."

Plaintiff seeks now to strike the answer of Howard C. and Helen F. Hammond, "upon the ground and for the reason that said Answer does not state facts sufficient to constitute a defense to the taking of the land sought to be acquired upon which relief can be granted".

The sole question presented by the motion to strike and its resistance by the landowners is whether or not the complaint sufficiently describes the lands upon which the plaintiff seeks to impress the easement referred to. 40 U.S.C.A. § 258a provides in part as follows:

"Said declaration of taking shall contain or have annexed thereto—

\* \* \* \* \*

"(2) A description of the lands taken sufficient for the identification thereof."

Simply stated, the owners' objection to the complaint or declaration of taking is that such pleading does not state with sufficient particularity or definiteness what the Government is taking, in that the complaint seeks to obtain for the United States the right to place and maintain guys and anchorages at such points outside the designated 125-foot strip "where reasonably necessary to support said transmission line". They concede the right of the Government to take whatever property it deems necessary for the project, but seek to force the United States to designate in detail each and every guy wire or anchorage which might be reasonably necessary to support the transmission line and which might be placed outside the 125-foot strip.

No case directly in point has been cited to the Court by counsel for either party. Counsel for the owners cites in his brief 18 Am.Jur. Eminent Domain § 325:

"There is nothing more obviously essential to a petitioner's case than *a sufficient description* of that which it proposes to acquire. *It cannot put on the defendant the burden of determining what or how much it requires to accomplish its purpose. What is sought is certain property, or rights in property, and these should be specified with certainty.* A description by metes and bounds is sufficient if the property described can be readily located by anyone familiar with the locality." (Emphasis supplied.)

He also quotes from 20 C.J., Eminent Domain, § 364, as follows:

"The petition in condemnation proceedings must describe the property sought to be taken, defining the location and quantity required with such certainty that it may be identi-

fied, and the extent of the petitioner's claim made known to the owner, and a failure of the petition, complaint, or application to thus describe the property, or any uncertainty in this respect, will vitiate the proceedings, unless an amendment of the description is allowed." See, also, 29 C.J.S., Eminent Domain, § 259.

The above-quoted passages from American Jurisprudence and Corpus Juris embody little more than a mere recitation of the general rule in condemnation proceedings requiring the plaintiff to describe the lands taken or affected so that they may be accurately identified. They do no more by way of defining what is required for a "sufficient description" than does the controlling statute, quoted supra, which merely provides that the complaint must contain "a description of the lands taken sufficient for the identification thereof."

The plaintiff relies in part upon an opinion of this Court in the case of United States v. 213.43 Acres of Land, etc., D.C., 108 F.Supp. 446, 449. That case was tried under pleadings identical with those here in question and by the same counsel. No question was raised as to the sufficiency of the allegations of the complaint until subsequent to a trial by a jury and jury verdicts covering the damages to be received by the landowners. On a motion for a new trial, the landowners claimed that the pleadings were not sufficient because they were not certain and definite "in that the petition asks for the right, outside the right of way in the tracts therein described, to affix anchors and guys as may be necessary without defining either the number or the location thereof".

This Court denied the motion for a new trial on the ground that testimony with respect to anchors and guy wires was brought out fully by counsel for the defendants during the trial and that the jurors had that information before them at the time the awards or verdicts were rendered. This Court, in its opinion, did not specifically refer to the fact that the

challenge to the plaintiff's complaint or declaration was not timely made, but certainly that fact would make some difference and the Court therefore does not deem that case authority for the Government's position in the present challenge to the complaint, which is made prior to trial and is in all respects timely.

Government counsel also relies in part upon the case of United States ex rel. and for Use of Tennessee Valley Authority v. Payne, D.C.E.D.Tenn.1948, 87 F. Supp. 402. In that case, the Government took an easement for an electric transmission line over a designated strip of land and included the right to cut or remove danger trees growing beyond the limits of the designated strip or right-of-way. The landowners took issue with the Government's attempt to include the right to cut trees outside of the designated right-of-way. The complaint included the following provision:

> "* * * and to cut and remove any and all trees now or hereafter growing, beyond the limits of said right of way, any part of which would in falling directly toward the line strike any structure or conductor of said line or come within five (5) feet of any conductor."

It was claimed by the landowners that the right defined in the quoted language was "so vague, indefinite and uncertain as not to be the subject of condemnation". The court held that the allegations of the complaint were not subject to an attack through vagueness or indefiniteness.

The situation in the Payne case is somewhat analogous to the present situation. The Government here seeks to place guys and anchorages outside the designated right-of-way "where reasonably necessary to support said transmission line". The declaration of taking in the Payne case included the right to cut trees "now or hereafter growing" beyond the limits of the right-of-way which would constitute a danger to the line. The right to locate guys and anchorages "where reasonably necessary" seems as susceptible of definition as does the right to cut trees "now or hereafter growing" which might constitute a danger. No one can determine with absolute certainty at the present time just what trees might constitute a danger ten years hence, or what guys or anchorages might be "reasonably necessary" ten years hence. Each situation involves a certain amount of speculation, but as stated in the Payne case, 87 F.Supp. at page 404, the uncertainty or vagueness is "largely illusory". In both situations the Government seeks an easement in a definite strip of land for the installation of transmission lines. In both instances they seek additional rights outside the defined strips which might be necessary for the proper protection and maintenance of the lines. The rights sought in both instances are subject to definition, and are defined in the declarations as definitely as the circumstances will allow.

The purpose of the statutory requirement that the declaration of taking shall contain "a description of the lands taken sufficient for the identification thereof" is to inform the landowners what is being taken and to enable a jury to properly measure the damages. The Court believes that the words "where reasonably necessary to support said transmission line" are sufficiently definite to fulfill those purposes. As stated supra, cases have been tried in this Court on similar pleadings. In those cases, the jurors were advised in detail what guys and anchorages were "reasonably necessary" and took that into consideration in assessing damages for the taking of the easement. Guys and anchorages are generally necessary where the transmission line deviates from a straight line or where an additional strain is put on the line through connection with other lines, etc. Where these are "reasonably necessary", the Government should have the right and by this action will obtain the right to install and maintain them.

It will be noted in passing that insofar as the designated 125-foot strip itself is concerned, the landowners have the right "to cultivate, use and occupy said premis-

es for any purpose consistent with the right and privilege herein taken \* \* \*." It would be just as reasonable for the landowners to force the Government to designate in complete detail in its complaint the exact number and size of poles and supports which it proposed installing within the 125-foot strip itself as to force the Government to designate in complete detail where and how many anchorages and guys were to be placed outside the designated strip. Theoretically, that might be done, but we are met with practical objections.

The Court is accordingly of the opinion that the allegation in the complaint contains a sufficient description of the lands affected so that they can be properly identified and damages assessed for the easement sought. Plaintiff's motion to strike the answer will be granted.

It will be so ordered.