**UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. DUGGER et al.**

**Civ. A. No. 346.**

United States District Court
E. D. Tennessee, Northeastern Division.

March 17, 1948.

Joseph C. Swidler, Charles J. McCarthy, James H. Eldridge, Knoxville, Tenn., for petitioner.

George F. Dugger, Elizabethton, Tenn., for respondents.

**GEORGE G. TAYLOR, District Judge.**

This is a condemnation suit, commenced for the purpose of acquiring electric transmission line rights of way over land of the respondents in Carter County, near the city of Elizabethton, Tennessee. Petitioner has filed its petition and declaration of taking, and the landowners have filed their answer. The case is presently before the Court on motion of petitioner to strike from the answer those portions which question the expediency, necessity, fairness, and reasonableness of petitioner's choice of location of its transmission lines and which charges petitioner with having acted arbitrarily and capriciously in its choice. Effect of the motion to strike, if granted, would be to leave only the issue of just compensation.

Those portions of the answer sought to be stricken are as follows:

"* * * but these respondents deny that the officials of the Tennessee Valley Authority can act arbitrarily, capriciously, or without due reason in determining the necessity of condemning a particular parcel of land. * * *

"* * * but they deny that it is necessary for the petitioner to acquire the property described under Paragraph VII of the petition.

"In this connection respondents charge and aver that they endeavored to get the officials of the petitioner to construct said power line over respondents' property at a different location, which would minimize the damages caused respondents.

"On November 14, 1946, respondent, Geo. F. Dugger, wrote the Chairman of the Tennessee Valley Authority a letter requesting the location of said power line to be removed from the center of a valuable sub-division to the southern boundary line of said sub-division in order to minimize the damages caused respondents. A copy of this letter is attached to this answer and marked as Exhibit 'A'. The request made in this letter was ignored and the line located as originally planned.

"* * * However, these respondents charge and aver that it is not necessary that the petitioner have the property condemned as described in the petition, as respondents have offered to convey to the petitioner a similar right-of-way over the southern boundary line of respondents' property for a small consideration and are now willing to execute a right-of-way deed giving petitioner an easement over the southern end of respondents' sub-division for a small consideration in order that respondents may be saved the disastrous consequences caused by the unreasonable, capricious and unfair acts of the petitioner's agents in seeking to destroy the value of an entire subdivision. * * *

"* * * and respondents have negotiated with the representatives of the corporation to construct the line across respondents' property on the southern boundary line so as to minimize the damage, but the representatives of the corporation have arbitrarily and without due reason refused to cross respondents' property at the points suggested, and have without just cause sought to irreparably damage respondents' sub-division.

"Further answering the petition as a whole, these respondents say that petitioner is not empowered, under the Tennessee Valley Authority Act, to act arbitrarily, capriciously, or without due reason in determining the necessity of crossing respondents' subdivision at a given point, but they must act with due reason and not arbitrarily and capriciously in determining the necessity of acquiring any part of respondents' property.

"In the instant case, respondents charge and aver, upon information and belief, that petitioner could construct its power line over the southern boundary line of respondents' property with less cost and that the same would be more suitable than the location selected, which has been made without due reason and without due regard for the rights of the corporation and of the respondents."

In addition to their prayer for just compensation, respondents in their answer call upon the Court to first determine the necessity for the taking of the particular property. Included in the motion to strike is this part of the prayer, to wit: "* * * to first determine the necessity of acquir-

ing the property described in the petition, and whether or not petitioner's power line can be located across respondents' property at some other point which would minimize the damages to them; and also as to whether or not petitioner's officers and representatives are acting with due reason; and that in the event it is found necessary to condemn any part of respondents' property * * *."

Briefs have been filed in support of and in opposition to the motion, and the cases cited, as well as numerous cases not cited, have been carefully examined by the Court. However deeply and understandably aggrieved the respondents may feel, the authorities point to but one answer, namely, that the respondents are remitted solely to their remedy of just compensation.

The Tennessee Valley Authority is a corporate agency of the United States, created by act of Congress. 48 Stat. 58, 16 U.S. C.A. § 831. It is expressly authorized to exercise the power of eminent domain for the purpose of acquiring rights of way for its power lines. Secs. 831c(h), 831c,(i), and 831x. No question of constitutionality is raised here, nor is it questioned that the rights of way being condemned are for a public use. This Court is called upon by respondents to determine whether it is necessary for the Tennessee Valley Authority to acquire the rights of way described in the petition and declaration of taking, whether the proposed power lines can be re-located so as to minimize the damages to respondents, and whether petitioner has acted and is acting with due reason.

In view of the decisions and the nature of eminent domain, the Court concludes that it is without power to grant the relief sought. Determination of the necessity or expediency of a taking is not a judicial question. Rindge Co. v. Los Angeles County, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186. An agency vested with the right of eminent domain has the power and the discretion to use it for the designated purposes, and the quantity which should be taken, its location, and the time of the taking are legislative and not judicial ques-

tions. Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576; Rindge Co. v. Los Angeles County, supra. So is the matter of comparative desirability or necessity of a particular location. United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209. "Where a particular taking of property for a public use has been authorized by a body duly vested with power in that regard, a court is without jurisdiction to supervise the determination of that body as to the necessity or expediency of taking the property selected." Atlantic Coast Line R. Co. v. Town of Sebring, 5 Cir., 12 F.2d 679, 681. This immunity from judicial review, once the public purpose appears, is within the nature of eminent domain. The power to take private property is inherent in sovereignty, and when the legislature grants the power of eminent domain, or some other power to an executive or administrative agency the manner of its use is determined by the granting authority. This principle is very old. Marbury v. Madison, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60; State of Mississippi v. Johnson, 4 Wall. 475, 71 U.S. 475, 18 L.Ed. 437; Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999; United States v. Carmack, 329 U.S. 230, 236, 67 S.Ct. 252, 91 L.Ed. 209.

In granting the motion to strike, the Court is aware of erroneous implications that could arise from the decision. The first portion to be stricken from the answer reads as follows: " * * * but these respondents deny that the officials of the Tennessee Valley Authority can act arbitrarily, capriciously, or without due reason in determining the necessity of condemning a particular parcel of land * * *."

Striking this part of the answer should not be construed as a holding that the officials of the Tennessee Valley Authority can act arbitrarily, capriciously, or without due reason in determining the necessity of condemning a particular parcel of land. This is not an issue, although by moving to strike that portion of the answer, petitioner has given it the semblance of one. Read

in connéction with the facts pleaded in the answer and with the prayer for relief, the arbitrariness and capriciousness complained of consists of a refusal by the petitioner to re-locate its survey at the request of the respondents. The plat filed as an exhibit to the declaration of taking shows that the power lines in question cross adjacent and other lands not owned by respondents. Changing the location on respondents' land would necessitate changing it on other lands, as well, and the practical difficulties this could lead to are obvious. In this situation it is not apparent that from a legal viewpoint petitioner has been arbitrary or capricious, and it is not necessary for the Court to decide whether, in a different situation, the petitioner could without judicial challenge exercise its power arbitrarily and capriciously.

The motion to strike is sustained. Let an order be entered accordingly. ·