UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

AN EASEMENT AND RIGHT-OF-WAY 200 FEET WIDE AND 874 FEET LONG OVER CERTAIN LAND IN DeSOTO COUNTY, MISSISSIPPI, Julia Cobb Meyerjack, et al., Defendants.

No. DC6426.

United States District Court
N. D. Mississippi,
Delta Division.

Sept. 29, 1964.

Charles J. McCarthy, Thomas A. Pedersen and Beauchamp E. Brogan, Knoxville, Tenn., for plaintiff.

J. B. Cobb, Memphis, Tenn., for defendants.

CLAYTON, District Judge.

In this condemnation proceeding by the United States under the Tennessee Valley Authority Act[1] to condemn an electric power transmission line easement across a tract of land in DeSoto County, Mississippi, the owners of the land have answered in these proceedings and denied that this court has jurisdiction of the cause and power to appoint Commission-

1. 16 U.S.C. §§ 831–831dd (1958; Supp. IV, 1959–1962).

·ers or put plaintiff in possession, and that plaintiff has authority to condemn the property. The essence of these asserted ·defenses is, apparently, that the condemn-·ed easement does not follow a primary ·survey or route first contemplated by the Tennessee Valley Authority and that plaintiff selected another route which was proposed by private individuals or corporations with selfish interests and that such action on its part was misconduct or corruption which somehow this court should assess and condemn. Plaintiff has filed a motion to strike these portions of this answer and this motion is before the court on memorandum briefs.

■ Clearly plaintiff has authority to acquire the property condemned. Section 4(i) of the TVA Act provides that TVA may "condemn all property that it deems necessary for carrying out the purposes of this Act." The power to condemn is repeated in section 25, which provides that:

> "The Corporation may cause proceedings to be instituted for the acquisition by condemnation of any lands, easements, or rights-of-way which, *in the opinion of the Corporation,* are necessary to carry out the provisions of this Act." (Emphasis added.)

The authority and power of TVA to condemn "all property that it deems necessary for carrying out the purposes of this Act" is established beyond question. United States ex rel. TVA v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843 (1946); Rainbow Realty Co. v. Tennessee Valley Authority, 124 F.Supp. 436 (M.D. Tenn.1954).

The statutory and constitutional authority of TVA under the TVA Act to construct transmission lines and acquire rights-of-way therefor by condemnation also has long been established. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936); Rainbow Realty Co. v. Tennessee Valley Authority, supra, and United States ex rel. TVA v. Puryear, 105 F. Supp. 534 (W.D.Ky.1952).

■ This court has jurisdiction of this proceeding.

The statute provides that "The district courts shall have original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies" (28 U.S.C. § 1358), and that the proceedings "shall be brought in the district court of the district where the land is located." 28 U.S. C. § 1403. Section 25 of the TVA Act likewise provides that "The proceedings shall be instituted in the United States district court for the district in which the land, easement, right-of-way, or other interest, or any part thereof, is located."

■ The allegation of the answer that this court does not have jurisdiction because the condemned easement does not follow the preliminary survey or route first contemplated by TVA but that TVA was influenced by other persons to change its location is without merit. The necessity for taking a particular tract, and the location of the power line, are legislative or administrative questions rather than judicial. Cases which sustain this position are legion. In Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954), the Supreme Court said:

> "It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch." (Citing cases.)

See also United States ex rel. TVA v. Welch, supra; United States v. Carmack, 329 U.S. 230, 247, 67 S.Ct. 252, 91 L.Ed. 209 (1946); Rindge Co. v. Los Angeles County, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186 (1923); United States v. Willis, 211 F.2d 1 (8 Cir. 1954) cert. denied 347 U.S. 1015, 74 S.Ct. 871, 98 L.Ed. 1138 (1954); United States v. South Dakota, 212 F.2d 14 (8 Cir. 1954); United States v. Certain Real Estate, etc.,

217 F.2d 920 (6 Cir. 1954); United States ex rel. and for Use of TVA v. Dugger, 89 F.Supp. 877 (E.D.Tenn.1948).

 It also seems more than clear that the denial of this court's authority to appoint Commissioners in this proceeding is, as a matter of law, wholly without merit. Section 25 of the TVA Act which governs the procedure for determining compensation in cases brought under the Act provides that:

"Upon the filing of a petition for condemnation and for the purpose of ascertaining the value of the property to be acquired, and assessing the compensation to be paid, the court *shall appoint three commissioners* who shall be disinterested persons and who shall take and subscribe an oath that they do not own any lands, or interest or easement in any lands, which it may be desirable for the United States to acquire in the furtherance of said project, * * * ."

This procedure was carried forward by Rule 71A(h) of the Federal Rules of Civil Procedure and provides the exclusive method for fixing compensation in such a condemnation proceeding as the one here. Welch v. Tennessee Valley Authority, 108 F.2d 95 (6 Cir. 1939), cert. denied Welch v. United States ex rel. and for Use of Tennessee Valley Authority, 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940); United States ex rel. TVA v. Puryear, supra.

Moreover, under the provisions of the declaration of taking statute, 40 U.S.C. § 258a (1958), this court has authority to put TVA into immediate possession of the condemned property. As stated in United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943):

"The purpose of the statute is twofold. First, to *give the Government immediate possession of the property* and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property. The Act recognizes that there may be an error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall recover the excess with interest." (Emphasis added.)

The rights conferred by the declaration of taking statute are preserved to the Tennessee Valley Authority by section 4 (i) of the Tennessee Valley Authority Act.

The plaintiff's motion to strike the aforementioned portions of the answer in this cause shall be sustained and an order is being entered in accordance with this opinion.