UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

0.08 ACRE OF LAND, MORE OR LESS, and easements and rights over 0.8 acre, more or less, of adjoining land, all IN HAMILTON COUNTY, TENNESSEE, W. Scott Thompson et ux., Defendants.

UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

AN EASEMENT AND RIGHT-OF-WAY OVER 0.23 ACRE OF LAND, MORE OR LESS, IN HAMILTON COUNTY, TENNESSEE, Bonnie Butts, Defendants.

Civ. Nos. 4504, 4505.

United States District Court
E. D. Tennessee, S. D.
July 30, 1965.

Charles J. McCarthy, Gen. Counsel, Thomas A. Pedersen, Asst. Gen. Counsel, Herbert S. Sanger, Jr., T. V. A., Knoxville, Tenn., for plaintiff.

Atchley, Atchley & Cox, Chattanooga, Tenn., for defendants.

DARR, District Judge.

These two condemnation cases presently present exactly the same issue. For the purpose only of a decision of this issue are the causes consolidated.

In the Thompson case, plaintiff seeks to acquire approximately 0.08 of an acre in fee for a site for a microwave reflector station, a small amount of land for a right-of-way for an access road to the site, and an easement to clear a small area of trees, brush, and obstructions adjacent to the station site.

In the Butts case, the plaintiff seeks to acquire a clearing easement over 0.23 of an acre of land to be used in connection with the operation and maintenance of the microwave reflector station to be constructed on the Thompson property.

The defendants in each case filed exactly the same answer.

The plaintiff in each case has a motion pursuant to Rule 12(f), Federal Rules of Civil Procedure, to strike all of each answer on the ground that the defenses offered are insufficient.

In his brief the attorney in the Butts case, who is also one of the attorneys in the Thompson case, announces that his defendant concedes that paragraphs II and III of the complaint are correct, except as to the description of the land taken. Section II of the complaint sets out the authority for the taking by the TVA and Section III describes the purposes for which the property is to be used. This brief also says that the prime question in the action "is going to be as to the value of the land taken, * * *."

From these statements it would seem clear that the defendants do not have much faith in the efficacy of their answers. Such position is most probably well taken.

Each of the answers deny that the complaint sets forth a cause of action upon which relief can be granted, denies the right of the Government to take the land and the necessity for the taking, denies that the plaintiff has the right of immediate possession and denies that the description of the land is sufficiently set out in the complaint.

■ The pleadings in cases of this character are provided for by Rule 71A of the Federal Rules of Civil Procedure. Under this Rule 71A at (e) appear the directions for the response of a defendant to a complaint. Pertinent here are these words, "The answer shall identify the property in which he claims to have an interest, state the nature and extent of the interest claimed, and state all his objections and defenses to the taking of his property." The requirement of a defendant in his answer to "state all his objections and defenses to the taking of his property" contemplates particular specifications and not generalizations. In the answers filed in these cases, the objections and defenses are generalized and not specified.

■ The above is a fair construction of this portion of the rule because almost always the necessity for taking and the selection of the location of the property to be acquired is a matter for legislative or administrative rather than judicial proceedings. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954); United States ex rel. TVA v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843 (1946); Joslin Mfg. Co. v. City of Providence, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167 (1923); United States v. Certain

Real Estate, etc., 217 F.2d 920 (6th Cir. 1954); United States ex rel. TVA v. An Easement and Right-of-Way, etc., 235 F. Supp. 376 (N.D.Miss.1964); United States ex rel. TVA v. Dugger, 89 F.Supp. 877 (E.D.Tenn.1948).

■■ However, there may be valid objections such as an effort to acquire property entirely outside the purposes granted to the condemnor by law, i. e., as if the TVA should undertake to acquire a body of land on which to build spaceships. Also the site of the property taken may be questioned for arbitrary, capricious or fraudulent conduct on the part of the condemnor. Clearly the answers do not make any specific objections of the nature indicated so that the plaintiff would have notice of these affirmative defenses.

The microwave reflector station is planned to be a part of the communication system to be used in conducting TVA business. Plainly such purpose is within the scope of the authority given in the TVA charter. 48 Stat. 58 (1933), as amended, 16 U.S.C. §§ 831–831dd (1958; Supp. V, 1959–63).

■ If the authority to condemn the very property described is valid, there can be no question as to the right to immediate possession of the property acquired. 40 U.S.C. § 258a (1958); United States ex rel. TVA v. An Easement and Right-of-Way, Etc., 235 F.Supp. 376 (N.D.Miss.1964).

The answers complain as to the description of the property. There was no brief filed in the Thompson case on behalf of the defendants but a brief for the defendant was filed in the Butts case. The complaint seems to be that plaintiff, in its several papers where a description is required, failed to describe the land sought to be acquired sufficiently for the defendants to identify it, whereby the defendants might prepare for the testimony of witnesses on the question of the amount to be awarded.

So far as the face of the pleadings are concerned, the descriptions are sufficient. In the response, as provided in Rule 71A(e), a person having an interest is required to identify it, but if the owner cannot tell by the description given by the condemnor what part of his land is sought to be taken there should be a method of clarifying this situation.

It is suggested that the TVA have an agent show the defendants specifically the land sought to be taken. If this suggestion fails, the Commissioners will see to it that defendants have opportunity to know just what land is sought to be acquired and will have time to secure witnesses for the hearings on the values.

■ So far as the pleadings go and for the reasons above-stated, the motion of the plaintiff in each case to strike the answer is granted.

It is noted that Rule 71A(e) provides that a defendant does not have to answer and a failure to answer does not waive his right for trial concerning the amount of the award.

Order in accord with the rulings herein made.